**XI YING ZHENG, a/k/a Sweelmm Tan, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 07–4082–ag.

United States Court of Appeals, Second Circuit.

Sept. 4, 2008.

Michael Brown, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Francis W. Fraser, Senior Litigation Counsel, Justin R. Markel, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Xi Ying Zheng, a native and citizen of China, seeks review of an August 31, 2007 order of the BIA denying her motion to reopen her removal proceedings. *In re Xi Ying Zheng,* No. A97 330 347 (B.I.A. Aug.

31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ The BIA did not abuse its discretion in denying Zheng's motion to reopen because it found that she failed to present new and material evidence supporting her family planning claim. *See* 8 C.F.R. § 1003.2(c)(1).[1] The BIA appropriately noted that the 2003 administrative documents that Zheng submitted predated her August 2005 hearing before an immigration judge and, thus, were previously available. *See id.* ("A motion to reopen proceedings shall not be granted unless it appears to the Board that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."). The BIA also reasonably found that the newspaper articles Zheng submitted were not material to her claim because they involved enforcement efforts in another province. *See Matter of J–H–S–,* 24 I. & N. Dec 196 (B.I.A 2007).

■ Additionally, the BIA did not abuse its discretion in declining to credit Zheng's affidavit, her mother's statement, or the village notice she submitted based on the IJ's prior, unchallenged adverse credibility determination concerning her religious persecution claim. We have found that the BIA may reasonably decline to accord probative weight to documents submitted with a motion to reopen where the IJ made an adverse credibility determination after the movant's asylum hearing. *Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir.2007). Because Zheng did not seek review of the BIA's prior order upholding the IJ's adverse credibility determination, the BIA reasonably relied on that determination in declining to credit the evidence she submitted with her motion to reopen. *See id.; Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").[2]

We need not address Zheng's argument that the BIA applied an inappropriately stringent standard because it required her to establish statutory eligibility for asylum versus *prima facie* eligibility for relief because the BIA's findings concerning the materiality and availability of the evidence Zheng submitted, in light of the IJ's prior adverse credibility determination, independently support the BIA's denial of her motion. *See INS v. Abudu,* 485 U.S. 94,

---

1. In her brief, Zheng waives any claim based on religious persecution, as well as any claim based on her "successive" asylum application. *See, e.g., Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

2. Zheng's reliance on our holding in *Paul v. Gonzales,* 444 F.3d 148 (2d Cir.2006), is misplaced. In that case, we held that the BIA erred in rejecting the petitioner's motion to reopen based on the IJ's adverse credibility finding where the IJ had rejected the petitioner's claims regarding past persecution but believed that he was a Christian. *Id.* at 152–54. In such circumstances, we found error in the BIA's decision where it failed to consider evidence regarding the mistreatment of Christians in petitioner's country—evidence that did not depend on petitioner's credibility for its probative force. *See id.*

105–06, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (holding that "[t]here are at least three independent grounds on which the BIA may deny a motion to reopen": failure to present "previously unavailable, material evidence," failure to reasonably explain the failure to apply for asylum initially, and failure to establish *prima facie* eligibility for the underlying relief).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.